FILED

NOT FOR PUBLICATION

APR 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIMBERLY LONG,

Plaintiff-Appellee,

v.

THOMAS WEEKS; et al.,

Defendants-Appellants.

No.    23-55004

D.C. No.
5:21-cv-02008-FWS-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted March 28, 2024
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Officers Thomas Weeks, Ronald Anderson, Daniel Bloomfield, Robert

Newman, Daniel Verdugo, and Jeffrey Glenn (Appellants) appeal the district

court's denial of their motion to dismiss Kimberly Long's (Long) complaint

alleging claims under 42 U.S.C. § 1983 for failure to intervene in the violation of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Long's constitutional rights, conspiracy, malicious prosecution, failure to collect or preserve evidence, fabrication of evidence, and suppression of evidence. We have jurisdiction under 28 U.S.C. § 1291. We reverse in part and vacate and remand in part for the district court to consider the plausibility of Long's claims as to each individual defendant.

"We have jurisdiction under the collateral order doctrine to review a district court's rejection of a qualified immunity defense at the motion to dismiss stage, and we review such a denial de novo." *See Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (citations omitted). "When engaging in such review, we accept as true all well-pleaded allegations and construe them in the light most favorable to the non-moving party." *Id.* (citation, alterations, and internal quotation marks omitted).

**1.** We have jurisdiction notwithstanding whether Appellants raised disputes of fact or improperly relied on materials outside the pleadings in their opening brief. *See id.* To the extent Appellants did either, we did not consider them as part of our *de novo* review. *See id.*

**2.** This appeal is not moot by virtue of the district court's acceptance of the second amended complaint. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . confers jurisdiction on the

court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

**3.** Appellants are entitled to qualified immunity on the conspiracy claim because it is not clearly established that the intracorporate conspiracy doctrine is inapplicable to Section 1983 claims. *See Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017) ("Under . . . the intracorporate conspiracy doctrine[,] . . . an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy.").

Given the implausibility of Long's conspiracy claim, we remand for the district court to conduct an individualized assessment of whether each Appellant is entitled to qualified immunity for Long's remaining Section 1983 claims. *See Cunningham v. Gates*, 229 F.3d 1271, 1282, 1287 (9th Cir. 2000), *as amended* (holding that the district court erred by "never conduct[ing] an individualized analysis to determine whether each moving defendant was entitled to qualified immunity based on his or her individual actions").

**REVERSED IN PART, VACATED AND REMANDED IN PART.**